UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROCHELLE GREGORY,

                        Plaintiff,

      *-against-*                            ***COMPLAINT***
                                                                  07-cv-07825

NIAGARA CREDIT SOLUTIONS. INC.,

                        Defendant.

----------------------------------------------------------------X

       Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Niagara Credit Solutions Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Chicago, Illinois.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Williamsville, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff from one Chase Bank USA.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That on or about May 17, 2007, the Defendant began contacting the Plaintiff by telephone.

9. That Plaintiff spoke with one representative of Niagara Credit Solutions, Inc., representing himself as one "Matt" at extension 219.

10. That "Matt" advised the plaintiff that she had an outstanding debt in the sum of approximately $1200.00 and subsequently offered that the plaintiff could pay $805.00 to settle the debt and have it cleared, but that said payment would have to be received by May 29, 2007.

11. That Plaintiff advised "Matt" that she would not have sufficient funds to pay the entire debt until she was to receive her paycheck on or about June 1, 2007.

12. That Plaintiff then advised that it would still take a few days for her paycheck to clear and she would need until at least June 4th to make the payment.

14. That "Matt" induced the plaintiff to verify her banking information so he could "post date" a check by phone and indicated that he would "note" the file so that the payment would not be removed from Plaintiffs account until June 4th.

15. That, upon information and belief, immediately following the telephone call of May 17, defendant's agent caused the check by phone to access the Plaintiff's account in attempt to unlawfully and prematurely withdraw the settlement funds.

16. That as a result of Defendants acts and misrepresentations the Plaintiffs account had insufficient funds and was caused to incur additional fees and penalties.

17. That following the occurrence, the Defendants agents and/or representative began calling the Plaintiff and her family members and threatening them.

18. That Defendants agent called and spoke to the grandmother of the Plaintiff, Rose Sanders, and told her that the Plaintiff had bounced a check in her name and that they could both "***go to jail for that***!"

19. That the defendants agents began calling the Defendant at her place of employment and during inconvenient hours solely for the purpose of harassing her and attempting to coerce payment under duress and telling her she was "sad" and "pathetic" and a "sorry granddaughter" and persisting with threats of criminal conduct on possible "jail" threats in an effort to coerce payment under duress.

20. That the Defendants actions caused additional and unnecessary stress for the plaintiff.

21. That the plaintiff suffers and has suffered from severe anxiety which was seriously aggravated by means of defendants's conduct.

22. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), and (f) in that communications the third parties and to the plaintiff by the defendant are false, deceptive, unfair, threatening and suggestive of criminal behavior and done in furtherance of abusing the plaintiff to coerce payment of a disputed debt, under duress and harassment.

23. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

    (b)    Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

    (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)    For such other and further relief as may be just and proper.

Dated: New York, New York
         August 27, 2007

_____

Amir J. Goldstein, Esq. (AG-2888)
Attorney at Law
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(866) 288- 9194 fax

Plaintiff requests trial by jury on all issues so triable.

_____

Amir J. Goldstein  (AG-2888)