UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ROCHELLE GREGORY,

            Plaintiff,         07 CIV 7825(RJS)(GWG)

  -against-       ~~PROPOSED~~ SCHEDULING ORDER

NIAGARA CREDIT SOLUTIONS, INC.

            Defendant(s).

------------------------------------x

    1.   The Initial Conference is scheduled for February 8, 2008, at 10:30 a.m.  Plaintiff's counsel is Amir Goldstein, Esq., 591 Broadway, Suite 3A, New York, New York  10012 – Telephone: 212-966-5253.  Defendant's counsel is Mel S. Harris and Associates, LLC, by Arthur Sanders, Esq., 5 Hanover Square, 8th Floor, New York, New York 10004 – Telephone:  212-660-1050.

    Plaintiff resides at 8501 St. Lswrence, Chicago, IL 60619.

    Defendant is located at 420 Lawrence Bell Drive, Williamsville, New York 14221.

    2.   Plaintiff brings this action against the defendant pursuant to 15 USC, Section 1692, et seq. (FDCPA) for engaging in acts which constitute harassment and false threats of legal action and implication of criminal conduct, deceptive collection practices under the Act.  Defendant denies the factual allegations in the complaint and alleges improper venue.  Plaintiff is a resident of Chicago, Illinois, and defendant is located in Williamsville, New York.

1

Defendant contends that this matter has no connection whatsoever to the Southern District of New York.

3(a). Deadline to amend pleadings or join parties: April 8, 2008.

3(b). Deadline for document requests, initial interrogatories and responses: March 8, 2008 for requests.

April 8, 2008 for responses

3(c). The parties expect that plaintiff will be deposed along with defendant's 30(b)(6) witness. Depositions to be completed by May 30, 2008.

3(d). All non-expert discovery to be completed by July 1, 2008.

3(e). No expert reports are anticipated at this time.

3(f). No deposition of experts are contemplated at this time.

3(g). Defendant wishes to move for a change of venue to the Western District of New York or the Northern District of Illinois. Otherwise, pre-trial motions will be made by August 1, 2008.

4. The parties seek no specific limitation on discovery at this time, but each reserves the right to request a protective or confidentiality order, if necessary, depending on the discovery demands served upon them.

5. There are no discovery issues at this time which the parties have been unable to resolve.

6. No expert testimony is anticipated.

7. Jury trial has been requested by plaintiff. The anticipated length is one or two days.

8. Defendant wants resolution of venue issues before engaging in any settlement discussions. Plaintiff would prefer to engage in settlement discussions immediately.

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's individual practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all of the parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. Good cause, as used in this paragraph, does not include circumstances within the control of counsel or the parties. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of the Order may also result in sanctions.

Dated: 2/8/2008

_____
Gabriel W. Gorenstein, M.J.

3