**MEMORANDUM ENDORSED**

Gregory v. Niagara Credit Solutions, 07 Civ. 7825 (GWG)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-08-08
```

Re: Letter dated August 7, 2008

This request is denied as untimely under both the first and second sentences of paragraph 9 of the Scheduling Order filed February 8, 2008. If there is some basis to extend the deadlines in that order, counsel may make an application for an extension in accordance with paragraph 2.A of this Court's Individual Practices. Any letter in conformity with that paragraph must be sent by August 14, 2008. This ruling is not meant to bar any argument that the application to extend would itself be untimely (based on the third sentence of paragraph 9) even if made by such date.

In the absence of such an application, any motion for summary judgment shall be filed by August 28, 2008. If no motion is filed, the pretrial order (see paragraph 3.B of the Court's Individual Practices) shall be submitted by September 5, 2008.

SO ORDERED:  DATE: 8/7/2008

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

# AMIR J. GOLDSTEIN, ESQ.
ATTORNEY AT LAW

591 Broadway, Suite 3A
New York, New York 10012
Tel: (212) 966-5253  Fax: (866) 288-9194

August 7, 2008

*Via Facsimile: 212.805.4268*
The Honorable Magistrate Judge Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**RE: *Gregory v. Niagara Credit Solutions, Inc., SDNY 07 CV 7825 (RJS) (GWG)***

Dear Magistrate Judge Gorenstein:

    I am counsel for Plaintiff in the matter above referenced and am addressing the Court pursuant to the Court Rules with regard to a pre-motion discovery conference.

    Plaintiff has conferred in good faith via electronic mail on several occasions, between the time of May 6, 2008 and June 11, 2008 with the defendant in an effort to resolve these disputes and conferred via telephone for approximately one half hour on June 13, 2008 in attempting to bring light to the dispute. As per the Court Rules, Plaintiff hereby requests a pre-motion conference in an effort to resolve any outstanding discovery items.

    The basis of the dispute is the defendant's failure to answer or an inadequate answer of the following seven Interrogatories and six Document Requests.

    Interrogatory 1 requests the name, address, title and job description of each officer, director, partner, shareholder and employee of each defendant who authorized, approved, or was aware of the collection *letter(s)* at issue in this action and had any involvement with the account of the plaintiff herein. *(emphasis added)*. The defendant objected because there were no allegations concerning collection letters in the complaint. However, plaintiff has since requested defendant to replace the word "practices" with the word "letters" and defendant refuses to respond.

    Interrogatory 2 requests that the defendant describe the financial and business relationship(s) among the defendant and the creditor. The defendant objects stating that the facts alleged in the complaint do not contain any references to defendant's billing methods with its

clients. However, the billing practices of the defendant are calculated to lead to the production of admissible evidence reflective of motive and evidence that the defendant is a debt purchaser.

Interrogatory 3 requests the defendant to identify all creditors for whom defendant has attempted to collect debts for in the past five years. The defendant objects on the grounds that the identity of defendant's clients is not relevant and is not admissible in this lawsuit. However, the identity of the defendant's clients relates to motive and whether the defendant is a debt purchaser, and therefore, it is calculated to lead to the production of relevant evidence.

Interrogatory 5 requests the defendant to describe the process which resulted in any calls or communications transmitted to the plaintiff. The defendant objects on the grounds that the information requested is not calculated to lead to the production of any admissible evidence. However, the process which resulted in communications transmitted to the plaintiff by the defendant directly relates to the defendant's methods of communications and specifically with the plaintiff, and is relevant to the case.

Interrogatory 7 requests the defendant to state the name and addresses of any employees or alias of any employee collectors who may have contacted the plaintiff in connection with the collection of the underlying account. The defendant responded with attachment "A" which only sets forth the employees' names and job title. Plaintiff requested, in addition to the names, the employees' addresses and aliases. Subsequent to defendant's response to the first set of interrogatories, the plaintiff further requested employment history of these employees, including complete employment file of each employee, and describing the exact interaction with the plaintiff's account. This information becomes necessary to determine which of Defendant's agents must be deposed, having personal knowledge of the facts herein, and provides relevant background information with regard to said person(s).

Interrogatory 12 requests the name and function of any attorneys or paralegals employed by the defendant's Legal Department. The defendant answered "Not applicable". The plaintiff requests the defendant answer the interrogatory or state that no attorneys or paralegals are employed in the affirmative.

Interrogatory 16 requests the manner in which a file is reviewed from the time the client forwards an account to collection up to commencement of any legal action if any. Defendant's answered that there is no attorney review. Plaintiff has updated this request to advise as to whether matters are referred to attorneys.

Document Request 2 requests all documents relating to any complaint, criticism or inquiry, by any person, concerning defendants' compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities, or collection practices generally. The defendant's answer is inadequate in that it only provides 5 actual lawsuits filed. The plaintiff requests that in addition to actual lawsuits filed, the response should include "complaints, criticism and inquiry" by agencies or parties such as the Department of Consumer Affairs or the BBB, etc., and individual complaints or letters to the company, necessary to show pattern of practice.

  Document Request 3 requests one copy of each different form letter defendants send to debtors. The defendant objected to this request on the grounds that the letters are not at issue. The plaintiff, however, has subsequently requested the defendant to respond by providing any form letters generally sent to consumers in attempt to collect debt, explain which letters were sent to the plaintiff and, if no letters were sent to the plaintiff, to explain why no such communications were made in writing.

  Document Request 7 requests all documents relating to any judicial or administrative proceeding (irrespective of date) in which defendants were accused of violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities. The defendant's answer is inadequate in that it fails to include documents such as letters, forms and statements with the exception of complaints filed in Federal Court which are readily available on Pacer.

  Document Request 10 requests the agreement(s) pursuant to which defendant sought to collect money from plaintiff. The defendant objects on the grounds that the agreement would have no relevance to the facts alleged in the complaint. The request is relevant, however, in that it sets the foundation for the authority of the defendant to collect the alleged debt at issue.

  Document Request 11 requests all documents (irrespective of date) which constitute or reflect communications between defendants and any Attorney General's office or other law enforcement, consumer protection or regulatory agency, relating to collection activities of defendants. The defendant objects on the grounds that it is irrelevant. The request is relevant, however, in that it shows a pattern of conduct.

  Document Request 12 requests all documents (irrespective of date) which constitute or reflect communications between defendants and private agencies that receive consumer complaints (such as a Better Business Bureau or newspaper column), relating to collection activities of defendants. The defendant objects on the grounds that it is irrelevant. The request is relevant, however, in that it also shows a pattern of conduct and credibility of Defendants denials of the factual allegations.

  The defendant has been advised of these issues, however there has been no response, and the plaintiff now respectfully requests that the Court intervene so that parties may reach some resolution with this matter.

  The Court's assistance and cooperation with this matter is greatly appreciated.

Very truly yours,

S/<br>
Amir J. Goldstein

CC: Arthur Sanders, Esq., via fax 646.454.2104<br>
   Attorney for Defendant